UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RYAN BOES,

        Petitioner,

v.

SHANE JACKSON,

        Respondent.

_____/

Case No. 1:18-cv-1187

Honorable Paul L. Maloney

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

## Discussion

I. Factual allegations

Petitioner Ryan Boes is incarcerated with the Michigan Department of Corrections at the Earnest C. Brooks Correctional Facility, (LRF) in Muskegon Heights, Michigan. Petitioner pleaded *nolo contendere* in the Ottawa County Circuit Court to one count of first-degree criminal sexual conduct based on digital/vaginal penetration of a girl under the age of thirteen years, Mich. Comp. Laws § 750.520b. In exchange for his plea, other charges against Petitioner involving another victim were dismissed. On November 30, 2015, the court sentenced Petitioner to a term of imprisonment of 17 years, 6 months to 45 years.

Petitioner, with the assistance of counsel, filed an application for leave to appeal in the Michigan Court of Appeals raising one issue: the trial court erred by substantially departing upward from the minimum guideline range. (Pet., ECF No. 1, PageID.2.) That court denied leave by order entered June 29, 2016. (*Id*.) Petitioner then raised the same issue in an application for leave to appeal in the Michigan Supreme Court. (*Id*., PageID.2-3.) That court denied relief by order entered July 3, 2018. (*Id*., PageID.3.)

Petitioner did not file a petition for certiorari in the United States Supreme Court. (*Id*.) Instead, on August 4, 2018, he filed a motion for relief from judgment in the Ottawa County Circuit Court. (*Id*.) In the motion, Petitioner raised the issues identified as Issues II-VI of his habeas petition. The judge denied Petitioner's motion by opinion and order entered September 13, 2018. (Ottawa Cty. Cir. Ct. Op. and Order, ECF No. 1-1, PageID.38-41.) Petitioner sought reconsideration. The court denied that relief by order entered September 25, 2018. (Ottawa Cty. Cir. Ct. Order, ECF No. 1-1, PageID.53.

On October 15, 2018, Petitioner filed his habeas corpus petition, (ECF No. 1), on the court-approved form. He has since filed a document titled "Amended Petition." (ECF No. 4.) The amended petition is not on the court-approved form and, standing alone, does not provide the information necessary to proceed. The amended petition specifically references the issues raised in the initial petition and it does not raise any new issues, only new arguments. The Court will consider the amended petition as a brief in support of the initial petition.

Construed liberally, and in combination, Petitioner's submissions raise multiple grounds for relief, paraphrased as follows:

I. The trial court erred by substantially departing upward from the minimum guideline range.

II. The trial court erred by admitting Ryan Lee Boes' police station and other custodial interrogation.

III. The Ottawa County Prosecutor's Office violated its Brady v. Maryland disclosure obligations.

IV. Assistant Prosecuting Attorney Jennifer N. Kuiper-Weise engaged in misconduct in her acknowledgment of the trial court's compliance with the court rule admitting Petitioner's police station and other custodial interrogation where Miranda warnings were withheld.

V. Trial counsel rendered ineffective assistance by failing to object to Issues II, III, and IV above, and by failing to object to the trial court's sentence based on facts not found by the jury or admitted.

VI. Appellate counsel rendered ineffective assistance by failing to raise on appeal Issues II-V.

(Pet., ECF No. 1; Exhibits, ECF No. 1-1; Am. Pet., ECF No. 4. )

II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*,

526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts.  *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970).

Petitioner bears the burden of showing exhaustion.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  Petitioner has raised Issue I at all levels of the Michigan court system.  Petitioner has raised Issues II-VI, however, only in the trial court.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c).  Petitioner has at least one available procedure by which to raise the issues he has presented in this application.  He may file an application for leave to appeal the trial court's denial of his motion for relief from judgment in the Michigan Court of Appeals.  If the court of appeals denies leave to appeal or affirms the trial court, Petitioner must appeal that decision to the Michigan Supreme Court.  *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue,

4

unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Because Petitioner has one claim that is exhausted and several that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court

5

denied his application on July 3, 2018**.** Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on October 1, 2018. Accordingly, absent tolling, Petitioner would have one year, until October 1, 2019**,** in which to file his habeas petition.

Petitioner filed his motion for relief from judgment even before the ninety-day period expired. The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 121 S. Ct. 2120 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). Because Petitioner's time for filing an application for leave to appeal in the Michigan Court of Appeals has not expired, *see* Mich. Ct. R. 7.205(G)(3), the statute of limitations presently remains tolled or, more accurately, it has never commenced running

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to pursue his remedies in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*). Petitioner has more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court

6

remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore a stay of these proceedings is not warranted. Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising his only exhausted claim at any time before the expiration of the limitations period.

## Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not

warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.

Dated: February 7, 2019         /s/ Paul L. Maloney
                                Paul L. Maloney
                                United States District Judge